UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:23-CV-0095-CRS

DEANGELO MITCHELL                                                                                           PLAINTIFF

v.

DAVID KNIGHT, *et al*                                                                                      DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, DeAngelo Mitchell, an inmate at the Fulton County Detention Center, has a filed a *pro se*, *in forma pauperis* complaint. This matter is now before the court for screening pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B). For the reasons stated below, the court will dismiss this action.

## BACKGROUND

Plaintiff has sued Jailer David Knight and "Correction Officer Harper." Complaint, DN 01 at PageID# 01. Plaintiff alleges that Officer Harper put him in "the hole" without justification, and when he returned to his cell, several of Plaintiff's commissary items were missing. *Id.* at PageID# 04-05. Apparently, Plaintiff has sued Jailer Knight based on his allegation that he "informed the jail staff" about his missing commissary items but "they ignored" him. *Id.* at PageID# 05. Plaintiff alleges that this conduct violated his Eighth Amendment right to be free from cruel and unusual punishment. *Id*. He also sues for "false imprisonment." *Id.* Plaintiff has sued both Knight and Harper in their official capacities but not in their individual capacities. *Id.* at PageID# 02. For relief, Plaintiff seeks $50,150.00 in punitive damages. *Id.* at PageID# 06. Plaintiff does not seek any other forms of relief.

## ANALYSIS

Because Plaintiff is a prisoner, is proceeding *in forma pauperis*, and seeks redress against a governmental officer, the court must initially review the instant action pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007). Upon initial review, the court must dismiss this case if the court determines that it is "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); § 1915(e)(2)(B). A claim is frivolous when it lacks an arguable basis either in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Thus, if a claim is based on a meritless legal theory, the court may dismiss the claim. *Id.* at 327.

When screening the Complaint, the court must construe it in the light most favorable to Plaintiff and accept well-pleaded allegations as true. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010). And while a reviewing court liberally construes *pro se* pleadings, *see id.*; *Boag v. McDonald*, 454 U.S. 364, 365 (1982), a complaint must include "enough facts to state a claim to relief that is plausible on its face" to avoid dismissal, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Further, although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall,* 610 F.2d 16, 19 (1st Cir.1 979) (citation omitted). Similarly, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro*

*se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

As noted above, Plaintiff sued both Defendants in their official capacities based on allegations that he was wrongly imprisoned in "the hole" which constituted cruel and unusual punishment in violation of the Eighth Amendment. Given these assertions, the court construes Plaintiff's Complaint as a 42 U.S.C. § 1983 action. Section 1983 is the federal statute which permits suits against state officials for "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."  While Plaintiff has asserted claims against state officials for violation of a constitutional right, he has nevertheless failed to state a claim upon which relief may be granted. Plaintiff has failed to state a claim for two reasons. First, state officials cannot be sued under § 1983 in their official capacities. Second, state officials cannot be sued for money damages in their official capacities; they are immune to such relief. Consequently, his case must be dismissed. 28 U.S.C. §§ 1915A(b)(2); 1915(e)(2)(B).

A state, its agencies, and its officials sued in their official capacities are not persons who may be sued under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Also, the Eleventh Amendment bars suits for damages against state officials in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Here, Plaintiff has sued Knight and Harper only in their official capacities and he seeks only money damages. These claims are barred as a matter of law. *Will*, 491 U.S. at 71; *Graham*, 473 U.S. at 169. Thus, Plaintiff has failed to state a claim upon which relief may be granted, and his case must be dismissed. 28 U.S.C. §§ 1915A(b)(2) and 1915(e)(2)(B). The court will enter a separate order dismissing this action.

Plaintiff nevertheless remains obligated to the pay the filing fee in full. *McGore*, 114 F.3d at 605 ("We conclude that by *filing* the complaint or notice of appeal, the prisoner waives any objection to the fee assessment by the district court.") (emphasis added). Accordingly, the court's prior **Order (DN 05) directing the Fulton County Detention Center** to send to the Clerk of Court monthly payments from Plaintiff's trust account each time the amount in the account exceeds $10.00 until the statutory filing fee of $350.00 is paid in full **remains in full effect**. **IT IS SO ORDERED**.

December 8, 2023

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Fulton County Detention Center